## SPECIAL SESSIONS — APPELLATE TERM — FIRST JUDICIAL DEPARTMENT.

### August 15, 1922.

## THE PEOPLE v. MAY WEST.

SENTENCE—MODIFICATION.

The court should exercise the power to modify a sentence with caution and in the public interest to do substantial justice only.

JUDGMENT of conviction affirmed.

Justice FRESCHI files memorandum for modification of sentence as follows:

An appeal was allowed in this case and the defendant was admitted to bail pending the determination of such appeal upon the consent of the District Attorney.

The conviction here was for vagrancy under the statute (Code of Criminal Procedure, § 887 of subd. 4-e), in that the defendant allowed a police officer, who had been solicited by a co-defendant in a public thoroughfare, to enter the defendant's premises for purposes of prostitution, and knowingly permitting them to remain there for such purposes.

Scienter is amply shown by the proof adduced to the satisfaction of the learned city magistrate, who, as the arbiter of the facts upon the conflict of testimony, found against the defendant; and his verdict should not be disturbed unless the record shows that there is palpable error or mistake. I can find none.

The telephone conversation admitted in evidence about a bribe offered the policeman was not objected to, I assume, on the theory that the defendant invited it.

Counsel for the defendant, with a show of much skill and ability in his brief, claims that there is no proof, bearing on the main issue, that the co-defendant, Margaret McGovern, is a common prostitute. Suffice it to say, that such co-defendant was also convicted by the same magistrate for vagrancy arising out of her offer to prostitute herself for pay and the other circumstances of her public soliciting in their relation to the case at bar.

The magistrate's return contains a statement that the Health Department had reported concerning the physical condition of the defendant, showing that the defendant was suffering from some form of infectious disease, likely to infect or to be a source of infection to others, upon which, it is fair to assume, the magistrate, in part, based his sentence; but counsel for the appellant contends that a mistake has been made in that regard, and that the term of imprisonment should be reduced because no reason exists for so long a period of control and incarceration. He has voluntarily submitted the defendant for further examination to the Department of Health to determine her present state of health.

And it now appearing from the report of the Department of Health to this court that it is doubtful whether the defendant is now suffering from or ever had any venereal or infectious disease, I have concluded that the workhouse sentence of one hundred days imposed should be modified.

If the defendant was suffering at the time of sentence from an infectious venereal disease, her incarceration for the duration of her sentence was not too long a period in order to effect a cure of that condition; but if, on the other hand, there is any doubt about the presence of such a disease, then I hold that the sentence here imposed is rather severe.

My vote is reduce the sentence by limiting it to imprisonment for thirty days in the workhouse.

The judgment, as modified, ought to be affirmed.